## Gillis License

*Thomas J. Kalman,* for appellant.

*Robert L. Webster,* for appellee.

FEIGUS, J., April 1, 1968.—The testimony taken at the hearing in the case discloses that appellant was found guilty on September 29, 1966, on a charge of operating a motorbike without a learner's permit or license, a previously issued learner's permit having expired. Subsequently, he made application for and was issued a senior operator's license by the Secretary of Revenue. Thereafter, on November 21, 1967, he received a notification from the Secretary of Revenue advising him that his right to apply for an operator's license was suspended for a period of five months, effective November 30, 1967. Appellant filed an appeal with order of supersedeas.

Apparently, the secretary's suspension order is based upon the provisions of The Vehicle Code of April 29, 1959, P. L. 58, sec. 618 (2), 75 PS §618 (2), empowering him to suspend a person's privilege to apply for an operator's license or learner's permit, after hearing, upon a finding, inter alia, "(2) That such person has

committed any violation of the laws of this Commonwealth relating to vehicles or tractors".

Section 618 of the code, as amended by the Act of January 24, 1966, P. L. (1965) 1497, sec. 1, 75 PS §618(b) (2), provides as follows:

"(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . .

"(2) That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors, except those violations committed by persons licensed under the provisions of section 601 of this act, as enumerated in section 619.1 of this act, in which case suspensions of operators' licenses or learners' permits shall be as provided in said section 619.1".

The license suspension appeal provisions of the code, as amended August 6, 1963, P. L. 509, sec. 1, 75 PS §620, vest jurisdiction in this court to hear appeals from orders of the Secretary of Revenue depriving persons of the "privilege of applying for an operator's license or learner's permit".

Section 604 of The Vehicle Code of April 29, 1959 P. L. 58, sec. 604, (a) (4) and (a) (9), 75 PS §604, provides inter alia, as follows:

"Section 604. Persons not to be licensed.

"(a) An operator's license or learner's permit shall not be issued to any person under the following conditions:

"(4) When such person's name appears upon department's prohibitory list, or when his privilege to apply for an operator's license or learner's permit has been suspended, and before such privilege has been reinstated.

"(9) If a license or learner's permit is issued in contradiction of any of the provisions of this section, the

secretary may suspend or cancel such license or permit in order to effectuate the intent of the section".

We assume that the secretary suspended appellant's right to apply for an operator's license pursuant to the provisions of section 618(2) of the code under the impression that his name did not appear upon the department's prohibitory list as provided for under section 604(4), supra. If appellant's name was included on such a list, the license must have been issued as a result of departmental error and the secretary should have resorted to the procedure set forth in section 604 (9) supra. In our view, the secretary's action, here appealed from, belatedly suspending appellant's right to apply for a license is a nullity in view of the antecedent issuance of an unrestricted license to appellant. Logically, the suspension of the right to apply for a license must precede in point of time the grant or issuance of the license.

As we view the record before us, the secretary has not suspended appellant's duly issued senior operator's license. If it is his desire to effect a suspension of the existing license, he must file other appropriate proceedings to rescind or reconsider his grant thereof. In the meantime, appellant's operator's privileges should remain in force. We will sustain the appeal, without prejudice.

ORDER

And now, April 1, 1968, a hearing having been held and testimony taken in the above-styled case, and the court having examined into the facts of the case, and determined that appellant's operator's privileges should remain in force, without prejudice to the Secretary of Revenue to institute other appropriate proceedings, upon and after consideration thereof, the order of the Secretary of Revenue suspending appellant's right to apply for an operator's license, is reversed, without prejudice as aforesaid. Costs to be paid by appellant.